# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

AKEAM MICHAEL DARENSBURG

NO. 2024 KW 0752

AUGUST 16, 2024

---

In Re:    State of Louisiana, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 0371-F-2024.

---

**BEFORE:    GUIDRY, C.J., PENZATO AND STROMBERG, JJ.**

    **WRIT GRANTED.** The district court's decision to grant the defendant's motion to suppress the evidence that the defendant removed from the car after probable cause arose in this case was error. See **United States v. Davis**, 576 F. App'x 292 (4th Cir. 2014)(per curiam). Additionally, the district court's decision to suppress the defendant's voluntary statements made while he was not in custody was error. See **Rhode Island v. Innis**, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980). Accordingly, we reverse the district court's rulings and remand this matter for further proceedings.

**AHP**

**TPS**

    **Guidry, C.J.,** dissents in part and would deny the writ application relative to suppression of the evidence. The body camera video clearly shows that at the time the officer first approached the vehicle, the defendant had the bag on his person while sitting in the vehicle, and the bag remained on his person when he exited the vehicle. The bag was not something that was detached from his person that he grabbed on exiting the vehicle. As such, I would treat the bag the same as I would treat a person's wallet that is on his person. To the extent that the law only allows the search of the vehicle and the contents of containers in the vehicle pursuant to the automobile exception, I would suppress the evidence. As the bag was on the defendant's person while he was both in the vehicle and when he exited the vehicle, the bag should be construed as part of his person and therefore not subject to a warrantless search under the automobile exception.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT